IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCESS CAPITAL INVESTMENTS FUND TWO, LP,<br><br>  Plaintiff,<br><br>  v.<br><br>EUFROCINIA RAMOS, et al.,<br><br>  Defendants. | Case No. 16-cv-06434-MMC<br><br>**ORDER REMANDING ACTION TO STATE COURT**<br><br>Re: Dkt. No. 5 |

Before the Court is Magistrate Judge Elizabeth D. Laporte's Report and Recommendation, filed November 7, 2016, by which Magistrate Judge Laporte recommends the Court remand the above-titled action, in which plaintiff alleges a claim for unlawful detainer. Defendants have filed an objection. Having reviewed the matter de novo, the Court hereby rules as follows.

For the reasons stated in the Report and Recommendation, the Court finds it lacks subject matter jurisdiction under 28 U.S.C. § 1331.

In their objections, defendants argue jurisdiction nonetheless exists pursuant to 28 U.S.C. § 1443(1).

In order to establish jurisdiction over a removed action pursuant to § 1443(1), the removing defendants must satisfy a two-part test. See Patel v. Del Taco, Inc., 446 F.3d 996, 998 (9th Cir. 2006). "First, [defendants] must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." Id. at 999 (internal quotation and citation omitted). "Second, [defendants] must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or constitutional provision

1  that purports to command the state courts to ignore federal rights." Id. (internal quotation
2  and citation omitted).  Here, although defendants assert that, under the Fourteenth
3  Amendment, they have due process and equal protection rights and consequently cannot
4  be discriminated against on account of their national origin, they do not point to any
5  provision of California law "that purports to command the state courts to ignore federal
6  rights," see id., and, in particular, cite no state law commanding state courts not to
7  enforce the Fourteenth Amendment.  Nor could defendants do so, as it is settled law in
8  California that a defendant in an unlawful detainer action may base a defense on the
9  Fourteenth Amendment.  See, e.g., Abstract Investment Co. v. Hutchinson, 204 Cal. App.
10 2d 242, 244, 255 (1962) (holding defendant, as affirmative defense to claim of unlawful
11 detainer, may assert plaintiff seeks to evict defendant due to defendant's race).

Consequently, the Court lacks subject matter jurisdiction under § 1443(1).

Accordingly, the above-titled action is hereby REMANDED to the Superior Court of California, in and for the County of San Mateo.

**IT IS SO ORDERED.**

Dated:  November 22, 2016

MAXINE M. CHESNEY
United States District Judge